HAMILTON WARD, Respondent, *v.* FREDERICK J. DONOVAN et al., Defendants, and NEW YORK CENTRAL RAILROAD COMPANY et al., Appellants.

Attorney and client — contract of retainer on percentage basis — settlement of action by payment of sum of money to plaintiff and agreement to assume payment of attorney's lien — when amount paid in discharge of lien cannot be made basis for further claim by attorney on ground that it was part of amount paid in settlement of action.

Where a railroad company paid to a claimant a sum of money in full settlement of his claim, that payment presumptively ended the liability of the railroad company and fixed the basis for the computation of the percentage payable to claimant's attorney under a contract of retainer whereby claimant agreed to pay to said attorney thirty-five per cent of any amount received in settlement. Where, therefore, the railroad company agreed, in addition, to pay to the attorney any lien which the latter might have on account of the action, the sum thus paid to the attorney does not furnish the basis for an additional percentage to be paid by the defendant. The sum which the railroad company agreed to pay for this purpose was not any part of the general sum " recovered or received." It was to be paid for

the purpose of discharging the lien on that sum and when it was paid it discharged the lien and did not become the basis for the assertion of further claims.

*Ward* v. *Donovan*, 202 App. Div. 65, modified.

(Submitted February 2, 1923; decided March 6, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 19, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term.

*Raymond C. Vaughan* for appellants. Plaintiff's lien should be based upon the amount paid to his client, namely, $4,800. (*Pilkington* v. *B. H. R. R. Co.*, 49 App. Div. 22; *Farago* v. *N. Y. Rys. Co.*, 163 App. Div. 878; *Neu* v. *B. H. R. R. Co.*, 113 App. Div. 446; *Sargent* v. *McLeod*, 155 App. Div. 21; *Levy* v. *Hirschberg*, 85 Misc. Rep. 249; *Schmutz* v. *S. C. & C. S. Ry. Co.*, 131 Ky. 207; *Rickel* v. *C., R. I. & P. Ry. Co.*, 112 Iowa, 149; *Sidoway* v. *Jones*, 125 Tenn. 322; *Texas & N. O. R. Co.* v. *Marshall & Marshall*, 184 S. W. Rep. 643; *Proctor* v. *L. & N. R. R. Co.*, 156 Ky. 465.)

*Dana L. Spring* and *Irving W. Cole* for respondent. The recovery of Donovan or the amount paid to him was $4,800 and his attorney's fee. (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Curtis* v. *M. S. Ry. Co.*, 125 Mo. App. 369; *Boyd* v. *Chase*, 135 Mo. App. 115; *Sutton* v. *Chicago Rys. Co.*, 258 Ill. 551; *Johnson* v. *G. N. R. R. Co.*, 129 Minn. 365; *Davis* v. *N. Y. C. R. R. Co.*, 233 N. Y. 242.)·

HISCOCK, Ch. J. The findings made by the Special Term in this case are based upon uncontradicted evidence. The Appellate Division in modifying the judgment of the Special Term did not reverse any of these findings but made what it called a finding of fact which seems to us

16

really to be a conclusion of law stating a result somewhat different than the conclusion of law reached by the Special Term. But however the case may be regarded in this aspect there is no dispute in respect of the facts which are involved in our consideration of the question presented upon this appeal.

The defendant Donovan having a claim against the railroad company for personal injuries employed the plaintiff to prosecute such claim. For this purpose he made a written agreement with the plaintiff whereby he agreed " to pay the said Hamilton Ward * * * thirty-five per cent (35%) in case said cause of action is settled after it goes upon the day calendar, or is tried, * * * of the amount received or recovered in such settlement or litigation in addition to the taxable costs and disbursements." After action had been commenced by plaintiff in behalf of said Donovan and had been placed upon the day calendar so as to bring it within the provision just quoted a settlement was made without the participation of plaintiff between Donovan and the railroad company. Donovan, " for the sole consideration of Four thousand eight hundred and no/100 Dollars, received to his (my) full satisfaction " did " release and discharge the * * * Director General of Railroads and the New York Central Railroad Company from all claims and demands and causes of action " arising out of his injuries in question and did recite in his release that he had " received $4,800.00 in full settlement." At the same time this payment was made and release executed the representative of the railroad company agreed " to protect Frederick J. Donovan against any legal lien Attorney Hamilton Ward may have on account of contract or action " against the railroad company or director general. It is also found that when this settlement was made it was stated in behalf of the railroad company that the settlement amounted to about the sum of $7,500, and that Donovan relying thereon executed the release which has

been referred to. In view of the other findings which have been made of specific and controlling facts we do not see that this finding is of any consequence. There is no claim or complaint that Donovan was in any way deceived in connection with this settlement or that he did any differently than he desired to.

Plaintiff brought this action to foreclose his lien upon Donovan's cause of action under the agreement which had been made for compensation and the sole question presented to us is the one involving the amount of such lien. The Special Term decided that plaintiff was entitled to 35 per cent upon the sum of $4,800 paid to Donovan in settlement of his claim. The Appellate Division has reached the conclusion that plaintiff is entitled to recover not only 35 per cent upon the sum paid to Donovan in settlement of his claim but also 35 per cent of the 35 per cent which the railroad company agreed to pay to Mr. Ward in settlement of his claim against Donovan. We are unable to follow the reasoning which has led the Appellate Division to this conclusion.

When Donovan agreed to pay to plaintiff a certain percentage " of the amount received or recovered * * * in * * * settlement in addition to the taxable costs and disbursements " the parties evidently meant that the sum paid to Donovan as damages and in settlement of his claim should be the basis upon which this 35 per cent should be computed. When, therefore, the railroad company paid to Donovan $4,800 in full settlement of his claim that payment presumptively ended the liability of the railroad company and fixed the basis for the computation of plaintiff's percentage. The parties realizing this and Donovan apparently being unwilling to have the amount which he had thus " received or recovered in such settlement " devoted in part to the payment of his attorney's lien made with the railroad company the agreement by which it agreed to pay " any legal lien Attorney Hamilton Ward may have on account

of contract." That is, the railroad company agreed to assume the place of Donovan and pay to Mr. Ward any lien which the latter might have on account of the $4,800 which had been paid to Donovan. The sum which it agreed to pay was solely and exclusively the sum of 35 per cent upon $4,800 in discharge and satisfaction of a lien and we are entirely unable to see how the sum thus agreed to be paid in satisfaction of a specific lien can be made the basis of a further percentage. The sum which the railroad company agreed to pay for this purpose was not any part of the general sum " recovered or received " by Donovan. It was to be paid for the purpose of discharging the lien on that sum and when it was paid it discharged the lien and did not become the basis for the assertion of further claims.

Counsel for the respondent presses upon our attention various illustrations intended to support the decision of the Appellate Division. It is said that if the railroad company had simply paid over to Donovan a sum equivalent to $4,800 plus 35 per cent of that sum the attorney would have been entitled to compute his percentage upon that entire sum. That very likely is so. It is a sufficient answer, however, to the illustration to say that that is not at all what happened in this case. Donovan received his damages and the railroad company agreed to take his place and pay the lien which might be computed thereon. It is also said that if the railroad company instead of paying the money to Donovan had paid some debts which he owed to third parties, the latter sums would be regarded as part of the amount recovered or received by him and as included in the basis upon which the plaintiff's lien should be computed. This is probably so, for in that case there would be no doubt that in a general sense the amount recovered or received by Donovan included sums which were paid to third parties for his benefit. Again, we say, however, that that is not in our judgment the present case.

Authorities are cited for the purpose of sustaining both views of this question. We do not deem it necessary to go into an analysis of these authorities. In our opinion the question before us does not involve any intricate questions of law but simply construction of a very simple contract and any authorities which have reached a conclusion upon a similar state of facts different than the one which we are reaching are, from our point of view, in error.

The judgment of the Appellate Division in so far as it modifies the judgment of the Special Term should be reversed and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division.

HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; POUND, J., dissents.

Judgment accordingly.