## UNGER v. GREENHUT.
### No. 237, Docket 21668.

United States Court of Appeals
Second Circuit.

Argued June 6, 1950.

Decided July 5, 1950.

---

382

Isidor Unger, New York City, for appellant.

Charles L. Kahn, New York City, for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff Greenhut brought a suit against the defendant Merriam in the New York Supreme Court which was removed to the United States District Court for the Southern District of New York. This suit was brought by Charles L. Kahn, as attorney for Greenhut, to obtain an adjudication that the latter had a joint interest with Merriam in the stock of various corporations. Greenhut obtained a judgment, and the litigation was thereafter settled by an arrangement between the parties which provided that Greenhut was to receive 500 shares of Class "A" common stock of the Merriam Company and Kahn was to receive 125 shares of that issue. Greenhut was also to receive $68,627 in cash. Shortly after the suit was brought by Greenhut Kahn requested the petitioner Unger to become attorney of record for the plaintiff in the suit and Unger agreed and conducted the suit as attorney for Greenhut. The substitution of Unger for Kahn was made because Kahn would be a necessary witness in the suit and for that reason thought that he should not continue to act as attorney. The court below found that Unger and Kahn were to share equally in any fees arising out of the litigation between Greenhut and Merriam. Kahn and Greenhut had originally agreed that Kahn's compensation was to be 25% of the recovery. Before the settlement was entirely completed, Greenhut discharged Unger as his attorney. Thereafter Unger filed his petition in the United States District Court praying that it determine the amount of his lien on the recovery of Greenhut and make provision for the enforcement of payment and for other and further relief.

The court held that Unger had a lien on the proceeds of Greenhut's recovery to the extent of 12½% thereof, and accordingly ordered payment to him of $8,578.37 which was 12½% of $68,627 paid to Greenhut in cash and 62½ shares of the 500 shares of new Class "A" stock received by Greenhut. The decision treated the recovery by Greenhut as limited to the 500 shares of Class "A" stock and cash of $68,627 and declined to treat the further item of 125 shares of Class "A" stock transferred to Kahn as a part of the recovery, on the ground that it was not established that they were intended as payment of fees for legal services in connection with the litigation and settlement. The master, while concluding that Unger should recover on the basis of a *quantum meruit* because his discharge had terminated his contract, nevertheless considered the old percentage arrangement made by Merriam with Kahn as a fair basis for valuing Unger's services. The judge confirmed the report of the master in this respect.

The 125 shares of Class "A" stock separately awarded to Kahn under the contract of settlement, in our opinion, were a part of the recovery in the suit brought by Kahn as attorney and prosecuted almost entirely by Unger. The settlement between Greenhut and Merriam called for a payment of 625 shares of Class "A" stock. That, with the cash, was the benefit which Greenhut received. In determining the percentage in

which Unger and Kahn should share, it is quite immaterial how Greenhut distributed this benefit.

The decision of the New York Court of Appeals in Ward v. Donovan, 235 N.Y. 240, 139 N.E. 254, does not affect the case at bar, for there it was found that the share of the attorney Ward in the recovery of Donovan against the railroad company was specifically limited by contract to a percentage of Donovan's recovery and did not include other payments by the railroad. Here, the claim of Unger was based on the benefit which Greenhut realized and not on the particular amount paid in the settlement to Greenhut himself. It was the erroneous conclusion of the special master that the decision of the Court of Appeals of New York governed the case at bar—a conclusion concurred in by the district judge—which in our opinion led to the error of excluding the 125 shares issued directly by Merriam to Kahn from the proceeds in which Unger was entitled to share. These should be added to the 500 shares issued to Greenhut in order to make up Greenhut's benefit. Accordingly, the interest of Unger was 12½% of the 625 shares of the new stock of the Merriam Company, rather than 12½% of 500 shares. Unger's interest in the stock was therefore 78⅛ shares rather than 62½ shares.

It is argued by Unger that he was entitled to a cash award equivalent to the value of these shares, rather than an award in the shares of a closely-held corporation. We think his claim is met by the finding of the master and the court below that the value of the shares could not be estimated owing to certain financial difficulties in which the company was involved and the lack of any sufficient proof of value. Unger accepted 12½% of the cash received by Greenhut as a satisfactory measure of the value of his services *pro tanto*. We hold that in the circumstances he must be content with a like percentage of the stock, which represented the balance obtained for the benefit of Greenhut through the joint efforts of Kahn and Unger.

For the foregoing reasons, the judgment of the court below is affirmed, except as to subdivision (b) which is modified so as to read as follows: "(b) Nineteen and seventeen-thirty-seconds (19 17/32) shares of the stock of the Merriam Company deposited in escrow with Hon. Joseph M. Proskauer, or, in the alternative, seventy-eight and one-eighth (78⅛) shares of New Class "A" stock of Merriam Company; * * *"

The motion by Greenhut to dismiss the appeal is denied.